UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No: 17-10050-DJC |
| | ) | |
| ANTHONY SEWARD, | ) | |
|     Defendant | ) | |

**JOINT STATUS REPORT**

Pursuant to Local Rule 116.5(a), the parties hereby file the following status report prepared in connection with the status conference scheduled for May 5, 2017.

(1)     Status of Automatic Discovery and Pending Discovery Requests

The government provided automatic discovery on March 23, 2017, and provided supplemental discovery on April 3, 2017. The defendant is reviewing the discovery materials. There are no pending discovery requests.

(2)-(3)     Additional Discovery/Timing of Requests

The government has requested the production of transcripts from hearings held in the Western District of New York on February 15, 2017 and will produce those transcripts to the defendant when it receives them. Any newly discovered evidence shall be disclosed pursuant to the Local Rules. The defendant does not yet know whether he will make additional discovery requests.

(4)     Protective Orders

No protective orders are anticipated by the parties at this time.

(5)     Pretrial Motions

On April 26, 2017, the defendant moved for a hearing with the Court regarding counsel, stating his intent to proceed *pro se* in this criminal case. D.22. The defendant is reviewing discovery produced to date and has not yet filed any motions under Fed. R. Crim. P. 12(b). However, at the initial status conference on April 4, 2017, the defendant indicated that he may file a motion to dismiss the indictment.

(6) <u>Expert Discovery</u>

The Government agrees to provide expert witness disclosures, if any, 28 days prior to trial. The Defendant agrees to provide expert witness disclosures, if any, 14 days prior to trial.

(7) <u>Defenses of Insanity, Public Authority, or Alibi</u>

At this time, the defendant does not intend to raise a defense of insanity, public authority, or alibi.

(8) <u>Periods of Excludable Delay</u>

In its order dated April 4, 2017, the Court excluded the time from the originally scheduled date of the initial status conference on March 31, 2017, through the date of the next-scheduled status conference on May 5, 2017, in the interests of justice. D.20. The exclusion of this time was over the defendant's objection. The defendant maintains his objection. According to the Court's order, as of May 5, 2017, no non-excludable days have elapsed, leaving 70 days to commence trial.

The government requests that the time between the date of the status conference on May 5, 2017, through the date the case is next scheduled in court be excluded from all Speedy Trial Act calculations to allow the parties sufficient time to explore disposition of this case short of trial. The defendant does not yet know whether he will agree to exclude time and will inform the Court of his position at the status conference.

(9) <u>Whether Trial is Anticipated; Estimated Length of Trial</u>

It is too early for the parties to anticipate whether there will be a trial. However, a trial should last approximately three to five days.

(10) <u>Date for Further or Final Status Conference</u>

The parties request that a further interim status conference be scheduled in 14 days.

                                              Respectfully submitted,

                                              WILLIAM D. WEINREB
                                              Acting United States Attorney

*/s/ Joshua Hanye*                            By:     */s/ Kelly Begg Lawrence*
JOSHUA HANYE                                  KELLY BEGG LAWRENCE
Attorney for Anthony Seward               Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

  I hereby certify that this document, filed through the Court's Electronic Court Filing (ECF) system on May 1, 2017, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                 */s/ Kelly Begg Lawrence*
                 Kelly Begg Lawrence
                 Assistant U.S. Attorney