IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 17-10050-DJC |
| | ) |
| ANTHONY SEWARD, | ) |
|     Defendant | ) |

## GOVERNMENT'S FILING REGARDING OFFENSE ELEMENTS

In accordance with the Court's September 21, 2017 order (D.68), the United States of America hereby submits this filing setting forth the elements of the charged offense that the government must prove beyond a reasonable doubt at trial.

The indictment in this case charges the defendant, Anthony Seward, with one count of failing to register as a sex offender, in violation of 18 U.S.C. §2250(a); specifically:

> From on or about March 16, 2016, to the present, within the District of Massachusetts and elsewhere, Anthony Seward, defendant herein, being an individual required to register under the Sex Offender Registration and Notification Act, traveled in interstate commerce and knowingly failed to register and update his registration as required by the Sex Offender Registration and Notification Act.
>
> All in violation of Title 18, United States Code, Section 2250(a).

D.11. To prove the defendant guilty of failing to register as a sex offender, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant was required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA");

*Second*, that the defendant thereafter traveled in interstate commerce; and

*Third*, that the defendant knowingly failed to register or update his registration.

3-61 Modern Federal Jury Instructions-Criminal, P 61.10, Instruction 61-67; *Carr v. United States*, 560 U.S. 438, 445 (2010) (SORNA "established a federal criminal offense covering, inter alia, any person who (1) 'is required to register under [SORNA],' (2) 'travels in interstate or foreign commerce,' and (3) 'knowingly fails to register or update a registration.' 18 U.S.C. §2250(a)."); *United States v. Stevens*, 640 F.3d 48, 50 (1st Cir. 2011) (similar).

The statute's three elements must be satisfied in sequence. *Carr*, 560 U.S. at 446; *United States v. Whitlow*, 741 F.3d 41, 43-48 (1st Cir. 2013) (holding that SORNA's registration requirements, and its criminal penalties for violating those requirements, apply to sex offenders who were convicted of a sex offense prior to SORNA's enactment in July 2006, provided their interstate travel and failure to register occurred after the Attorney General's implementing regulations took effect, in either February 2007 or August 2008, thus making SORNA retroactively applicable to pre-SORNA sex offenders) (citing *Reynolds v. United States*, 565 U.S. 432 (2012)).

1. **The defendant was required to register as a sex offender under SORNA.**

Under SORNA, "[a] sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. §20913(a).[1] SORNA defines "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. §20911(1). As relevant here, SORNA defines a "sex offense" as "a criminal offense that has an element involving a sexual act or sexual contact with another," 34 U.S.C. §20911(5)(A)(i), or "an attempt or conspiracy to commit an offense described in clauses (i) through (iv)." 34 U.S.C. §20911(5)(A)(v). To

---

[1] As of September 1, 2017, the SORNA provisions previously cited in Title 42 of the United States Code have been reorganized and reclassified as set forth in Title 34.

prove that Seward was required to register as a sex offender under SORNA, the government must prove beyond a reasonable doubt that he was convicted of a sex offense as that term is defined by SORNA. *United States v. Roberson*, 752 F.3d 517, 521 (1st Cir. 2014); *see also United States v. Morales*, 801 F.3d 1, 6 (1st Cir. 2015) (applying categorical, elements-based analysis to categorize defendant's prior state sex offense under SORNA).

### 2. The defendant traveled in interstate commerce.

For defendants, like Seward, who were convicted of a sex offense under state law, the government must prove beyond a reasonable doubt that the defendant traveled in interstate commerce. 18 U.S.C. §2250(a)(2)(B); *Carr*, 560 U.S. at 454 ("The act of travel by a convicted sex offender may serve as a jurisdictional predicate for §2250, but it is also . . . the very conduct at which Congress took aim."); *United States v. DiTomasso*, 621 F.3d 17, 24-25 (1st Cir. 2010) (upholding SORNA's registration requirements as a valid exercise of Congress' power under the Commerce Clause to regulate the use of the channels of, and persons in, interstate commerce: "Interstate commerce is, after all, an express element of the SORNA violation with which the defendant was charged and of which he stands convicted."), *vacated on other grounds*, 565 U.S. 1189 (2012).

### 3. The defendant knowingly failed to register or update his registration.

As noted above, SORNA requires convicted sex offenders to register, and keep their registration current, in each jurisdiction where the offender resides, works, or studies. 34 U.S.C. §20913(a). SORNA further mandates that "[a] sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender

3

registry." 34 U.S.C. §20913(c). For purposes of applying SORNA's registration requirements to convicted state sex offenders who have traveled in interstate commerce, the state of departure is not a "jurisdiction involved" pursuant to subsection (a)" of §20913. *Nichols v. United States*, 136 S. Ct. 1113, 1117-18 (2016) (holding that convicted state sex offender had no duty under SORNA to update his registration in the departure state once he no longer resided there). Thus, to prove that Seward failed to register or update his registration, as required by SORNA, the government must prove beyond a reasonable doubt that Seward traveled in interstate commerce (from Massachusetts to New York) and thereafter did not appear in person within three business days of his arrival in the new state (New York) to inform that jurisdiction of all changes in the information required for him in the sex offender registry.

The government also must prove that Seward "knowingly" failed to register or update his registration. In the context of a SORNA violation, "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *Stevens*, 640 F.3d at 51 (quoting *Bryan v. United States*, 524 U.S. 184, 193 (1998)). Accordingly, a violation of §2250 "requires only that the government prove general intent; that is, a defendant's awareness of his failure to register simpliciter." *Id*. Put another way: "Inasmuch as the statute of conviction contains only a general intent requirement, the government ha[s] to prove no more than that the defendant was aware that he had not registered." *Id*. at 52.

Moreover, "the adverb 'knowingly' modifies only the phrase 'fails to register,' not the next phrase, 'as required by [SORNA]." *Stevens*, 640 F.3d at 51. The government therefore does not have to prove that the defendant had actual knowledge of his duty to register under SORNA. *Id*. at 52 (noting that such a requirement "flies in the teeth of the venerable principle

that ignorance of the law is no excuse"). Rather, the government may prove knowledge by showing that Seward "knew (or, at least, was chargeable with knowledge) of his obligation to register under state law and to keep his registration current." *United States v. Gagnon*, 621 F.3d 30, 33 (1st Cir. 2010) ("What counts is that Gagnon was on clear notice, at the relevant time, that a failure to register would place him on the wrong side of the law. We therefore join several other courts that have held that notice of a defendant's obligation to register as a sex offender under state law provides him with effective notice of his corresponding obligation to register under SORNA."), *vacated on other grounds*, 565 U.S. 1189 (2012).

To the extent that Seward claims that he lacked knowledge of his duty to register, and "the evidence—examined in the light most flattering to the prosecution—shows that he deliberately closed his eyes to the true facts," the government may rely on the doctrine of willful blindness to prove that Seward acted knowingly. *United States v. Parker*, No. 16-1770, 2017 WL 4129188, at *10 (1st Cir. Sep. 19, 2017) ("[W]illful blindness is tantamount to knowledge. And when applied, the so-called willful blindness doctrine lets prosecutors prove a defendant's knowledge by showing that he deliberately shielded himself from clear evidence of critical facts that are strongly suggested by the circumstances.") (internal quotations, modifications, and citations omitted); *United States v. Perez-Melendez*, 599 F.3d 31, 41 (1st Cir. 2010) ("Willful blindness serves as an alternate theory on which the government may prove knowledge."); *United States v. Azubike*, 564 F.3d 59, 66 (1st Cir. 2009) ("A willful blindness instruction is appropriate if (1) a defendant claims lack of knowledge, (2) the facts suggest a conscious course of deliberate ignorance, and (3) the instruction, taken as a whole, cannot be misunderstood as mandating an inference of knowledge."); *United States v. Griffin*, 524 F.3d

71, 78 (1st Cir. 2008) ("Evidence presented at trial may support either a finding of actual knowledge or a finding of willful blindness.").

Respectfully submitted,

WILLIAM D. WEINREB
Acting United States Attorney

By:    */s/ Kelly Begg Lawrence*
       KELLY BEGG LAWRENCE
       Assistant U.S. Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 3, 2017, a copy of the foregoing document was served by First Class United States mail on the defendant, Anthony Seward, at the following address:

Anthony Seward, #04210-049
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

I also certify that this document, filed through the Court's Electronic Court Filing (ECF) system on October 3, 2017, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

       */s/ Kelly Begg Lawrence*
       Kelly Begg Lawrence
       Assistant U.S. Attorney